SKF USA INC. AND SKF SVERIGE AB, PLAINTIFFS, *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO., AND FEDERAL-MOGUL CORP., DEFENDANT- INTERVENORS.

Court No. 92−07−00517

(Dated July 5, 1995)

## ORDER AFFIRMING REMAND RESULTS

TSOUCALAS, *Judge:* This Court, having remanded this case to the Department of Commerce, International Trade Administration ("Commerce"), on January 31, 1995 (Slip Op. 95–13), to apply the U.S. inland insurance rate to inventory value instead of the unit price, and Commerce having done so as reported in its remand results dated April 25, 1995, it is hereby

ORDERED that the remand results in this case are affirmed; and it is further

ORDERED that since all other issues have been decided, this case is dismissed.

THE AD HOC COMMITTEE OF AZ-NM-TX-FL PRODUCERS OF GRAY PORTLAND CEMENT, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND CEMEX, S.A., DEFENDANT-INTERVENOR

Consolidated Court No. 93–05–00273

(Dated July 12, 1995)

## JUDGMENT

RESTANI, *Judge:* The court has received the remand results required by Slip Op. 95–91 (May 15, 1995). Contrary to Cemex's objections all parties were aware that on remand the court was ordering ITA to apply its new methodology, which was approved in *Torrington Co. v. United States,* 853 F. Supp. 446, 448–9 (1994). As previously indicated, Cemex also affirmatively led ITA to believe it supported that approach. Cemex's new challenge to the ITA's VAT methodology is untimely. Accordingly, the remand results of June 13, 1995 are sustained.