95 F.3d 1164
 18 ITRD 1735
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
THE AD HOC COMMITTEE OF AZ-NM-TX-FL PRODUCERS OF GRAY
PORTLAND CEMENT, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellee,
and
Cemex, S.A., Defendant-Appellant.
 No. 95-1485.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Oct. 7, 1996.
 
 Before MAYER, Circuit Judge, NIES, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 CEMEX, S.A. appeals from final decisions of the United States Court of International Trade affirming actions of the Department of Commerce. In particular, the court held that CEMEX waived its right in this case to challenge Commerce's application of the so-called Torrington[1] methodology for calculating value-added taxes ("VAT") and that CEMEX's presale transportation expenses were not deductible in the determination of foreign market value. Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States, No. 95-125 (Ct. Int'l Trade July 12, 1995) (judgment after remand finding a waiver by CEMEX); Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States, No. 95-91 (Ct. Int'l Trade May 15, 1995) (decision sustaining the Department of Commerce's treatment of presale transportation expenses as indirect and hence not deductible, and remanding for recalculation of VAT). Because the court did not err in determining that there was a waiver and in refusing to allow a deduction for presale transportation expenses, we affirm.
 
 DISCUSSION
 
 2
 On April 28, 1993, the International Trade Administration of the Department of Commerce issued the final results of the first administrative review of an antidumping duty order. Gray Portland Cement and Clinker from Mexico, 58 Fed.Reg. 25,803 (1993). Both CEMEX and the Ad Hoc Committee filed separate complaints in the Court of International Trade and these complaints were consolidated. The Ad Hoc Committee specifically challenged Commerce's results relating to determination of VAT and to the deductibility of presale transportation expenses from foreign market value.
 
 
 3
 The Court of International Trade held that Commerce's use of its then-current VAT methodology in determining the final results and deduction of CEMEX's presale transportation expenses pursuant to Commerce's inherent authority to fill "gaps" in the antidumping statute were contrary to law. The court remanded for Commerce to recalculate the dumping margins using an alternative VAT methodology and to determine if CEMEX's claimed presale transportation expenses were entitled to be deducted from foreign market value under the circumstances of sale provision of the statute. See 19 U.S.C. § 1677b(a)(4)(B) (1988). On appeal after remand, the Court of International Trade affirmed Commerce's treatment of CEMEX's claimed presale transportation expenses as indirect and therefore ineligible for deduction from foreign market value as a circumstances of sale adjustment. The court also approved Commerce's alternative VAT methodology, but remanded again, this time for Commerce to consider different VAT rates. On appeal after this second remand, the court affirmed Commerce's adjustment to VAT. The court, in response to CEMEX's objection to Commerce's use of the so-called Torrington VAT methodology in the second remand, also held that CEMEX had failed to timely object to the Torrington methodology and had thus waived its right to challenge that methodology on appeal from the second remand. CEMEX now appeals both issues to this court.
 
 
 4
 We review the Court of International Trade's decisions in a dumping case by applying anew the statutory standard of review. See Atlantic Sugar, Ltd. v. United States, 744 F.2d 1556, 1559 n. 10 (Fed.Cir.1984). We may thus reverse a decision of Commerce only if it was unsupported by substantial evidence or if it was not in accordance with law. 19 U.S.C. § 1516a(b) (1994). We review procedural matters on an abuse of discretion basis.
 
 A. Waiver
 
 5
 The issue of the Torrington methodology[2] arose when the Court of International Trade made its second remand to Commerce and instructed Commerce to employ that methodology for calculation of VAT rates. CEMEX objects to use of that methodology and argues that it timely objected to its use and therefore did not waive its right to challenge it. Specifically, CEMEX argues that, during the hearing in question before the Court of International Trade and prior to the remand, the word "Torrington" was not mentioned and that the court expressed disinterest in the VAT methodology issue. Thus, CEMEX asserts that it was not on notice that the Torrington methodology would be used and should not have been expected to object to it. The government, on the other hand, argues that CEMEX did not object to application of the Torrington methodology during the hearing in question at a time when it was understood that the court would remand for application of that methodology.
 
 
 6
 We agree with the government that CEMEX waived its right to object to application of the Torrington methodology. The Court of International Trade correctly found that CEMEX did not properly articulate its objection when it should have. The court found that CEMEX's challenges to the Torrington methodology were not raised until the remand proceeding at Commerce, that CEMEX never objected to the court's direction to apply that methodology on remand. The court did not err in its conclusion. Failure of the court to specifically refer to Torrington did not excuse CEMEX from raising any objection it may have had because the court had recently approved use of that methodology. See Torrington Co. v. United States, 853 F.Supp. 446, 448-49 (Ct. Int'l Trade 1994). CEMEX had reason to expect that Commerce would use it on remand. The court found that CEMEX itself made an affirmative statement accepting application of the Torrington methodology. In particular, the court found that CEMEX stated in a submission to Commerce on remand: "[Commerce] should ... apply its new [Torrington-approved VAT] methodology in accordance with the Court's instructions." Ad Hoc Comm., No. 95-91, slip op. at 10 (alteration in original). CEMEX has thus failed to show that the court abused its discretion in finding that CEMEX's objections to the Torrington methodology were untimely. Because we conclude that CEMEX did not timely object to application of the Torrington methodology, we need not here review the merits of Commerce's use of that VAT methodology. But see Federal Mogul Corp. v. United States, 63 F.3d 1572 (Fed.Cir.1995) (addressing the merits of the Torrington methodology).
 
 B. Presale Transportation Expenses
 
 7
 CEMEX argues that Commerce erred in classifying its presale transportation expenses as indirect selling expenses solely on the basis of the classification of its warehousing expenses as indirect. It asserts that Commerce's determination to analogize CEMEX's presale warehousing expenses to its presale transportation expenses was inappropriate.
 
 
 8
 The government and the Ad Hoc Committee argue that Commerce correctly determined that CEMEX was not entitled to a deduction for presale home market transportation costs. They argue that Commerce chose an appropriate methodology for determining whether to grant a circumstances of sale adjustment for presale home market transportation expenses, that Commerce acted reasonably and in accordance with law when it linked its analysis of home market transportation expenses to its analysis of home market warehousing expenses.
 
 
 9
 We agree that Commerce did not err in determining that CEMEX's presale transportation expenses were not deductible under the circumstances of sale provision. First, Commerce did not err in treating CEMEX's presale warehousing expenses as indirect. CEMEX certified, and Commerce verified, that CEMEX's warehousing expenses were indirect, and Commerce therefore had no reason on remand to solicit additional information regarding warehousing expenses. CEMEX failed to meet its burden of proving that such expenses were direct. Moreover, it is not illogical that if warehousing expenses are sufficiently disassociated from actual sales to be indirect, expenses of transportation to a warehouse are even less associated with actual sales and are therefore even less direct. In addition, Commerce did not rely solely on the warehousing expenses. It simply made an analogy which CEMEX did not provide evidence or reason to refute. We therefore discern no error in Commerce's use of that analysis. Commerce's decision denying a deduction for CEMEX's presale transportation expenses was supported by substantial evidence and was not contrary to law.
 
 
 
 [1]
 See Torrington Co. v. United States, 853 F.Supp. 446, 448-49 (Ct. Int'l Trade 1994)
 
 
 [2]
 The details and nature of the Torrington methodology are not material to understanding our decision